IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY HAMPTON<br><br>*Plaintiff*,<br><br>v.<br><br>WILLOW GROVE PARK MALL, *et al.*<br><br>*Defendants*. | Case No.  2:20-cv-04298-JDW |

## MEMORANDUM

Two words sum up the basis on which Studio Movie Grill removed this case from the Philadelphia Court of Common Pleas: "wishful thinking." SMG proposes to interpret the federal removal statute to allow removal of almost any case, as long as the defendant acts before the plaintiff can effectuate service. The result would make a mockery of the concept of limited jurisdiction for federal courts. SMG's wishful thinking runs headlong into the reality of the words of the statute that create removal jurisdiction. That statute only allows removal of cases that could have been filed in federal court in the first instance. Nothing in the statute, or in recent decisions to which SMG points, can change that fact.

I.     BACKGROUND

Bobby Hampton claims that he suffered a severe electrical shock when he came into contact with a submerged, exposed high voltage electrical wire while he was working on a construction site. He sued Movie Grill Concepts XLIII, LLC d/b/a Studio Movie Grill ("SMG"), Willow Grove Park Mall, WG Park, LP, VCC LLC, and PREIT Services, LLC, as well as six unnamed defendants in the Philadelphia Court of Common Pleas. Studio Movie Grill removed the case to this Court before Mr. Hampton served any defendants.

On September 18, the Court ordered SMG to show cause why the Court should not remand the case the Court of Common Pleas for lack of subject matter jurisdiction and to provide information about its members. SMG responded. Mr. Hampton then filed a motion to remand. In addition, the Court ordered WG Park and PREIT Services to provide information about their members. In response, both confirmed that they are citizens of Pennsylvania. The Court held a hearing on October 19, 2020. During that hearing, counsel for WG Park and PREIT Services acknowledged that PREIT owns both entities, that PREIT is a business trust, and that PREIT has beneficiaries based in Pennsylvania.

## II.   DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cites omitted). Congress has authorized district courts to hear cases that are filed in a state court if the district court would "have original jurisdiction" and the case is removed to the district court for the place where the state court case is pending. 28 U.S.C. § 1441. Whether Section 1441 permits removal of a particular case is a question of statutory interpretation.

"It is the cardinal canon of statutory interpretation that a court must begin with the statutory language." *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010), *as amended* (May 7, 2010). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Id.* (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992)); *see also Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 202 (3d Cir. 1998) ("Where the statutory language is plain and unambiguous, further inquiry is not required . . ..". To determine whether statutory language is ambiguous, the Court must "read the statute in its ordinary and natural sense." *Id.* (quote omitted). The

"plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997); *see also Monzon v. De La Roca*, 900 F.3d 92, 102 (3d Cir. 2018).

Section 1441(a) provides, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Section 1441(b)(2) provides an exception to this general rule: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2).

These statutory provisions contain no ambiguity. Section 1441(a) permits removal only of cases over which district courts have "original jurisdiction." That is, the case must be one that could be filed in a district court from the start. SMG does not point to any other possible interpretation of Section 1441(a). Nothing in Section 1441(b)(2) negates this conclusion. To the contrary, Section 1441(b)(2) applies only to cases "removable solely on the basis of the jurisdiction under Section 1332(a) of this title." 28 U.S.C. § 1441(b)(2). That language calls back to Section 1441(a)'s provision that only cases over which district courts have original jurisdiction.

This case does not fall within the Court's original jurisdiction. Both when Mr. Hampton filed it and today, it includes both plaintiffs and defendants that are citizens of Pennsylvania.

28 U.S.C. § 1332 grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). This statute requires complete diversity among the parties, meaning no defendant can be a citizen of the same state as any plaintiff. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005)). This case does not have complete diversity.

SMG invokes Section 1441(b)(2) and argues that the Court should determine diversity based only on the defendants who have been properly joined and served at the time of removal. That argument fails for several reasons. *First*, it is wrong as a matter of grammar. The clause beginning with "if" is a conditional clause. It expresses a condition in which a defendant that the plaintiff has properly joined and served is a citizen of the state in which the action was filed. The main clause in the sentence expresses the consequence of satisfying the condition. The consequence is that a civil action "may not be removed." 28 U.S.C. § 1441(b)(2). That is, the statutory language about being properly joined and served only applies to determinations of when a case may not be removed because a defendant is a citizen of the forum state. The language has no bearing on whether a case is "otherwise removable," which turns on whether the Court has original jurisdiction.

*Second*, it would lead to an absurd result, in which a district court's removal jurisdiction would extend beyond its original diversity jurisdiction. As SMG's counsel conceded during argument, SMG's position would permit removal of a personal injury case between two Pennsylvania residents if the defendant removed the case before he was served with a state court complaint. That would blow a hole in the concept of limited federal jurisdiction. If Congress intended to broaden federal courts' jurisdiction that way, it would have done so in a

clear statutory provision, not obliquely through a reference to the parties who were properly joined and served in a case. In fact, and contrary to SMG's argument, the Supreme Court has defined Section 1441 as giving plaintiffs and defendants a "corresponding opportunity" to come to federal court. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005). The Court noted that the scales are not entirely balanced, though, because in-state defendants can invoke original jurisdictions but defendants cannot if there is a home-state defendant. *See id.* SMG does not propose a balanced interpretation of Section 1441, with corresponding opportunities to come to federal court. It proposes an interpretation in which defendants have a greater opportunity than plaintiffs. That's not what the Supreme Court said in *Lincoln Property.*

*Third*, and finally, SMG argues that the Third Circuit's decision in *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018), supports its reading of Section 1441. But it's wrong. In *Encompass*, an out-of-state plaintiff sued an in-state defendant. There was complete diversity. The in-state defendant removed the case before it was served. The Third Circuit held that the forum defendant rule in Section 1441(b)(2) did not bar removal because the defendant had not yet been served. *Encompass* stands only for the proposition that a court can disregard a forum defendant that has not yet been served in determining whether the forum defendant rule bars removal. Put another way, if a defendant has not yet been served, then Section 1441(b)(2)'s condition barring removal has not been satisfied. The decision in *Encompass* says nothing about disregarding certain defendants to determine whether diversity jurisdiction exists. Nor do the other cases that SMG cites, in which there was also complete diversity and a snap removal before a forum state was served. SMG also points the Court to a footnote order from another Judge of this Court from 2012. Even in that case, it is not clear whether or not there was complete diversity. Regardless, the Court finds the footnote in that case unpersuasive.

### III.  CONCLUSION

SMG's argument makes it the king of wishful thinking, so it will have to go west, back to the Court of Common Pleas,[1] to defend this case. An appropriate order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

October 22, 2020

---

[1] The Court of Common Pleas is located eight blocks west of this Court.